# EX PARTE GANDÍA.

APPEAL from the District Court of Mayagüez.

No. 130.—Decided April 7, 1904.

WILLS—CONDITION.—Testamentary provisions by universal or special title may be made conditionally, which condition, in all that is not prescribed by the law relating to the designation of heirs, is governed by the rules established for conditional obligations.

CONDITIONAL OBLIGATIONS—ACQUISITION AND EXTINCTION OF RIGHTS.—In conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition.

## STATEMENT OF THE CASE.

This case was instituted in the District Court of Mayagüez at the instance of Antonia Gandía y Castellón, with regard to the preliminary steps in the testamentary proceedings of Vicente Carrera y Grimaldi, which case is pending before us on appeal taken by the counsel for the petitioner from the judgment rendered by the said district court, which judgment reads as follows:

"Vicente Carreras y Grimaldi died in this city on February 22, 1900, leaving a will executed on February 18, 1900, before Alfredo Arnaldo y Sevilla a native of this city, in clause 4, of which he constituted his brother and sister, Carlos and Rosa Carreras y Grimaldi, as his heirs, and in clause 7 thereof he caused it to appear that in case his sister should die before her brother he desired her share under the will to go to her said brother, and that, in case of the death of the brother, or of the sister, should she die before her brother, the whole of this part of his property should go to Antonia Gandía Castellón, whom he appointed as heir in this respect.

"Attorney Fernando Vázquez, on behalf of the latter party, that is, Antonia Gandía y Castellón, requested that the preliminary steps be taken in the voluntary testamentary proceedings of Vicente Carreras y Grimaldi, upon the ground that the petitioner has been consti-

instituida heredera, para después de la muerte de sus hermanos Don Carlos y Doña Rosa instituidos herederos usufructuarios en la mencionada cláusla 7a del testamento, á cuya pretensión se opuso el Tribunal, recurriendo contra la providencia el abogado Don Fernando Vázquez, en el escrito que precede.

*Considerando* : que las disposiciones testamentarias tanto á título universal como particular, pueden hacerse bajo condición, y ésta, en lo que no estuviere prevenido en la ley que trata de la institución de herederos, se regirá por las reglas establecidas para las obligaciones condicionales.

*Considerando* : que según el artículo 1081 del Código Civil, en las obligaciones condicionales, la adquisición de los derechos, así como la resolución ó pérdida de los ya adquiridos dependerá del acontecimiento que constituya la condición.

*Considerando* : que el nombramiento de heredero á favor de Doña Antonia Gandía, está subordinado al fallecimiento de Don Carlos y Doña Rosa Carreras, circunstancia que no se ha acreditado.

Vistos los artículos 778, 779, y siguientes del Código Civil, hasta el 794.

Se declara no haber lugar á la reposición que se solicita y se confirma en todas sus partes la providencia de diez y seis de Septiembre pasado.''

*Resultando* : que contra esta sentencia interpuso apelación la representación de la promovente, y admitido el recurso se elevaron los autos á esta superioridad con citación y emplazamiento de las partes; y personada la apelante,y sustanciado en forma el recurso, se señaló día para la vista con citación de las partes, á cuyo acto no asistió el abogado de la parte apelante.

Abogado del apelante : *Sr. Vázquez (Fernando)*.

El Juez Asociado Sr. MacLeary, después de exponer los hechos anteriores, emitió la opinión del Tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada.

*Vistos* los artículos 778 á 794 y el artículo 1081 del Código Civil.

tuted as heir to become such after the death of his brother and sister, Carlos and Rosa, who had been constituted as usufructuary heirs in said clause 7 of the will, which petition was denied by the court, whereupon Attorney Fernando Vásquez took an appeal from the order as above stated.

"Testamentary provisions, either by universal or special title, may be made conditionally, and this condition, in all that is not prescribed by the law relating to the designation of heirs, is governed by the rules established for conditional obligations.

"According to article 1081 of the Civil Code, in conditional obligations, the acquisition of rights, as well as the extinction or loss of those already acquired, shall depend upon the event constituting the condition.

"The appointment as heir in favor of Antonia Gandía is subordinate to the death of Carlos and Rosa Carreras, which circumstance has not been proven.

"In view of articles 778, 779 et seq., up to article 794 of the Civil Code, it is adjudged that the motion for a rehearing is denied, and the order of September 16 last is affirmed in all of its parts."

From this judgment the counsel for the petitioner took an appeal, and the same having been allowed, the record was sent up to this court, with a citation of the parties. The appellant having appeared, and the appeal having been conducted in due form, a day was set for the hearing after citation of the parties, at which the attorney for the appellant failed to be present.

*Mr. Vázquez (Fernando)*, for appellant.

MR. JUSTICE MACLEARY, after stating the foregoing facts delivered the opinion of the court.

The findings of fact and conclusions of law contained in the judgment appealed from are accepted.

Having examined articles 778, 794 and 1081 of the Civil

*Fallamos* que debemos confirmar y confirmanos la sentencia apelada, con las costas á la apelante.

Jueces concurrentes: Sres. Presidente Quiñones y Asociados Hernández, Figueras y Sulzbacher.

---

CALOCA *v.* VILASECA ET AL.

Apelación procedente de la Corte de Distrito de San Juan.

No. 124.—Resuelto en Abril 11, 1904.

Depositarios Judiciales.—Los depositarios tienen la posesión legal, judicial y real de los bienes embargados y entregados á su salvaguardia y custodia y están obligados á cumplir los deberes que las leyes les imponen, procediendo en su defecto, obligarles á ello por medio del recurso legal adecuado.

Injunction—Actos Tendentes a Violar Derechos de Propiedad.—El cortar leñas y llevarselas ó venderlas, asi como destruir las cercas, en una finca depositada judicialmente, y objeto de una tercería de dominio, son actos que constituyen una violación de los derechos de propiedad que pueda tener el tercerista, con respecto á dicha finca, y es, por consiguiente, procedente, impedir su continuación por virtud de un mandamiento de injunction.

Títulos No Inscritos—Terceros—Derecho de Caracter Real ó Personal.—Las prohibiciones contenidas en el artículo 389 de la Ley Hipotecaria, de no admisión por los Tribunales, de títulos no inscritos, en perjuicio de terceros, se refieren á los que tengan este carácter, á los efectos de dicha ley, ó sea, á los que puedan invocar un derecho real inscrito á su favor, y no, simplemente, un derecho personal.

Juicio Ejecutivo—Tercerias de Dominio.—Las resoluciones dictadas en un juicio ejecutivo, de que sea incidente una tercería de dominio, no pueden ser invocadas en ésta, para impedir que se aseguren los derechos reclamados por el tercerista, que se fundan precisamente en ser de su propiedad, y no del ejecutado, los bienes objeto del ejecutivo.

Id.—Derechos del Tercerista.—Injunction.—Fianza.—Es Perfectamente lógico y legal que mientras se resuelva una tercería de dominio, se pongan á salvo los derechos que pueda tener el tercerista, impidiendo por medio de un injunction, la ejecución de actos tendentes á menoscabarlos, siempre que otorgue fianza para responder del detrimento que pudieran sufrir los intereses de las otras partes.

Injunction.—El *injunction* es un remedio tendente á evitar que por una persona se haga determinada cosa que infrinja ó perjudique el derecho de otra.

Code, we adjudge that we should affirm and do affirm the judgment appealed from, with costs against the appellant.

Chief Justice Quiñones and Justices Hernández, Figueras and Sulzbacher concurred.